CASE 38.—ACTION BY FANNY WARE AGAINST S. W. HAGER, AUDITOR, INVOLVING HER RIGHT TO A CERTAIN TRACT OF UNAPPROPRIATED LAND.—June 26.

# Ware v. Hager, Auditor

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

Public Lands—Lands Subject to Patent.—Ky. Stats., 1903, Sec. 4702, provides that each county in the State shall have the right to dispose of the unappropriated lands therein not otherwise provided for in the manner thereinafter directed. Sec. 4703 provides that an actual settler on any vacant or unappropriated land shall have a pre-emption right not exceeding 200 acres, and that any person wishing to appropriate any vacant land may obtain an order of court authorizing him to enter and survey not exceeding such amount. Sec. 3704 provides that the surveyor shall survey the entries, etc., bounding them by plainly marked trees, stones or stakes, and noting where they bind on a water course or a marked line of another survey. The boundary of the State extends to the northern shore of the Ohio river at law-water mark. Held, that the taking up of land in the bed of the Ohio river between the thread of the stream and the northern shore was unauthorized.

HAZELRIGG, CHENAULT & HAZELRIGG and ORIE S. WARE for appellant.

For appellant we contend that the owners of land on the south of the Ohio river under the calls to monuments on the south bank and running with the meanders of the river, by construction or intendment hold title only to the middle thread of the river.

Ware v. Hager, Auditor.

### AUTHORITIES CITED.

Handley's Lessee v. Anthony, 5 Wheaton U. S. Sup.), 374 Louisville Bridge Co. v. City of Louisville, 81 Ky., 189; 5 Ky. Law Rep., 16; Berry v. Snyder, 3 Bush (Ky.), 266; Jones v. Soulard, 24 Howard (U. S. Sup.), 63; Miller v. Hepburn, 8 Bush (Ky.), 326; Williamsburg Boom Co. v. Smith, 84 Ky., 374; Kentucky Lumber Co. v. Green, 87 Ky., 257; Stonestreet v. Jacobs, 26 Ky. Law Rep., 628; Spurrier v. Hodges, 28 Ky. Law Rep., 804; Kent's Commentaries, vol 3, 8th ed., 531.

N. B. HAYS, Attorney General, and C. H. MORRIS for appellee.

1. There can be no question but that the low water mark on the north side of the Ohio river is the boundary line of the State of Kentucky.

2. A grant on a navigable stream will convey all the land owned by the grantor, in the absence of anything to show an intention not to do so. This seems especially true where the boundary is a river which is at the same time the boundary of a State.

### AUTHORITIES CITED.

Louisville Bridge Co. v. City of Louisville, 81 Ky., 195; Handley's Lessee v. Anthony, 5 Wheaton, U. S., 374; Brown v. Kennedy, 5 Hair and J., 157; Jones v. Columbus G. Company, 18 Ga., 539; People v. Gold Run D. & M. Co., 6 Cal., 138; St. Louis I. M. & S. R. Co. v. Ramsey, 53 Ark., 314; Benson v. Morrow, 61 Mo., 345; Elder v. Burrus, 6 Humph., 358; Stuart v. Clark, 2 Swan., 9; Hagan v. McMurtry, 5 T. B. Monroe, 181; Bruce v. Taylor, 2 J. J. Marsh., 160; Morrison v. Taylor, 14 B. Mon., 367; Louisville v. Bank of United States, 3 B. M., 138.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

This action was instituted by appellant Fanny Ware in the Franklin circuit court against appellee S. W. Hager, auditor of public accounts and ex-officio custodian of the land office, to compel him to file the certificate and plat of the county surveyor of Campbell

county for a tract of vacant unappropriated land in that county entered and surveyed by appellant pursuant to an order of the Campbell county court, and to issue her a patent therefor. All the proceedings necessary for the issuing of a patent are specifically set out in the petition. But the tract of land sought to be patented consists of 200 acres beneath the waters of the Ohio river and lying between the thread of the stream and the low-water mark on the northern shore. It is alleged that the land south of the Ohio river and opposite the land sought to be patented has heretofore been duly patented by the commonwealth, and that these patents call for a corner on the south bank of the Ohio river, and thence with the river as it meanders to another point on the south bank of the river. The circuit court dismissed the petition, and the plaintiff appeals.

It is well settled that the boundary of the state of Kentucky extends to the northern shore of the Ohio river at low-water mark. Handley v. Anthony, 5 Wheat. (U. S.) 374, 5 L. Ed. 113; Louisville Bridge Company v. Louisville, 81 Ky. 189, 5 Ky. Law Rep. 16, 473. It has also been held by this court that patents issued by the state of Kentucky for land on the Ohio river give the patentees title to the thread of the stream (Berry v. Snyder, 3 Bush. 266, 96 Am. Dec. 219; Miller v. Hepburn, 8 Bush, 326), and it is insisted for appellant that the land north of the thread of the stream and between that and the low-water mark on the northern shore is vacant land. On the other hand, it is insisted for the appellee that, as the state of Kentucky owns no land on the opposite side of the river, the Kentucky patents for land on the south bank of the river should be held to extend to the State boundary line, and that therefore the

land sought to be patented is not vacant land. The
court is not inclined, after so many years, to depart
from the rule laid down in the cases cited; but there
is another reason for which the judgment appealed
from was proper. While the State owns the land to
the northern shore of the river, we do not think it has
ever provided for the taking up of the river bed
between the thread of the stream and the northern
shore as vacant land. The proceedings in question
was instituted under chapter 127, Ky. St. 1903. Sec-
tion 4702, which is the first section of that chapter,
provides that each county in the State shall have
the right to dispose of the unappropriated lands
lying therein not otherwise provided for in the man-
ner thereinafter directed. Section 4703 provides that
an actual settler on any vacant or unappropriated
land shall have a pre-emption right to any number of
acres, not exceeding 100. It also provides that any
person who wishes to appropriate any vacant or un-
appropriated land may obtain an order of court
authorizing him to enter and survey any number of
acres, not more than 200. Section 4704 provides that
the surveyor shall survey the entries in the order of
time in which they are made, bounding the same by
plainly marked trees, stones, or stakes, and noting
where they bind on a water course or a marked line
of another survey. In enacting these provisions, we
cannot believe that the Legislature had in mind the
taking up of the bed of the Ohio river between the
thread of the stream and the northern shore. Such
a survey could not be marked by stones or stakes or
plainly marked trees. There could be no actual
settlers on such land. While we do not doubt the
power of the Legislature to provide for the issuing
of patents for the bed of the Ohio river north of the

thread of the stream, so that the sand or minerals which may be on or under this land may be appropriated, we do not think it has yet done so, and therefore the circuit court properly dismissed the petition.

Judgment affirmed.

Petition for rehearing by appellant overruled.