Henry B. WALKER, Jr., Trustee, et al., Appellants,

v.

FELMONT OIL CORPORATION et al., Appellees.

No. 13491.

United States Court of Appeals Sixth Circuit.

Dec. 18, 1958.

Henry B. Walker, Jr., Evansville, Ind., Woodward, Bartlett & McCarroll, Owensboro, Ky., for appellants.

Chat Chancellor, Frankfort, Ky., for Ohio River Oil Co. and State of Kentucky.

Morton J. Holbrook, Owensboro, Ky., for Henderson County, Ky.

John D. Knodell, Mattoon, Ill., for Carter Oil Co.

Byron, Sandidge & Holbrook, Owensboro, Ky., Leo King, L. Alan Rhoads, Henderson, Ky., Fred File, Billings, Mont., Jo M. Ferguson, Frankfort, Ky., for appellees.

Before ALLEN, Chief Judge, and MARTIN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

On the former appeal of this case it appeared that the question of the District Court's jurisdiction had not been raised in the District Court or expressly passed upon by the District Judge. This Court had substantial doubt about the existence of jurisdiction. It also appeared that a decision in the case depended upon a construction of certain Kentucky Statutes affecting the public policy of Kentucky, which had not yet been made by the Court of Appeals of Kentucky, that state's court of last resort. In view of numerous decisions of the United States Supreme Court, referred to in the opinion of this Court, this Court thought it advisable that the District Judge consider whether, in a declaratory judgment action of this nature involving such issues, the District Court should exercise jurisdiction if it existed. We, accordingly, vacated the judgment of the District Court and remanded the action for the purpose of having the District Judge consider the question of jurisdiction and the exercise thereof before reviewing the case on its merits. Walker v. Felmont Oil Corp., 6 Cir., 240 F.2d 912.

Following the remand, the District Judge gave consideration to the question of jurisdiction and its exercise by the District Court. In the meantime, a complaint had been filed in the Henderson County Circuit Court of Kentucky, which, in the opinion of the District Judge, raised the same legal questions presented in this action, by reason of which a ruling decisive of the rights of the parties in this action would, in the normal course of that case, be made by the Court of Appeals of Kentucky.

On September 30, 1957, the District Judge entered an order reading in part as follows:

"The Court of Appeals remanded this case for consideration of the questions of the existence of federal jurisdiction and the validity of exercising such jurisdiction if it were found to exist. Neither of these questions has heretofore been raised in this court, and it is not believed it is now necessary to determine the jurisdictional question, and it is clearly apparent from the authorities cited and the reasoning of the Court of Appeals that if jurisdiction did exist, it should not be exercised. This case does involve difficult questions requiring interpretation of state laws that effect the public policy of Kentucky, and since the rights of the parties can be adequately determined in the pending state action, there is no justification for further proceedings that could lead to a possible conflict between state and federal rulings.

"There is also no valid purpose to be served by retaining this case on the docket of this court."

The order, as subsequently amended, also dismissed the action without prejudice, from which ruling the present appeal was taken.

Appellants vigorously contend that jurisdiction exists in the District Court. Following the dismissal of the action in

the District Court, appellants tendered for filing in this Court an amended complaint which alleged that the acts of the Kentucky State Property and Building Commission and the Commonwealth of Kentucky deprived them of their property without due process of law and impaired the obligations of their patent contracts, thus attempting to inject into the case as a basis of jurisdiction the new issue of a constitutional question. Sec. 1331, Title 28, U.S.Code. We permitted the amendment to be filed over objections of opposing parties, under the provisions of Sec. 1653, Title 28, U.S. Code, which provides that *defective* allegations of jurisdiction may be amended in the appellate court. Appellees have denied that a constitutional question exists. In any event, this involves only the question of jurisdiction, and since the ruling of the District Judge is not affected by the existence of jurisdiction, if it does exist, the amendment is immaterial in our present review of the case.

■■ Appellants have also tendered on the day of the oral argument of this appeal another so-called "Supplemental Complaint" which alleges that the period of time within which an action must be brought in Kentucky for the recovery of real estate is fifteen years under Sec. 413.010, Kentucky Revised Statutes, that with respect to the patents heretofore issued to them by the Commonwealth of Kentucky said period of time expired July 26, 1954, and that no action was brought by any of the parties contesting appellants' claims in this action prior to the expiration of the Statute of Limitations. Appellants' reliance upon Rule 15(d), Rules of Civil Procedure, 28 U.S. C.A., for the right to file this supplemental complaint is misplaced. The Rules govern the procedure in the District Courts, not the Court of Appeals. Rule 1, Rules of Civil Procedure; Hines v. Royal Indemnity Co., 6 Cir., 253 F.2d 111, 113. The taking of the appeal divested the District Court of jurisdiction of the case, transferring it to the Court of Appeals. Thompson v. Harry C. Erb,

Inc., 3 Cir., 240 F.2d 452, 454. A new issue, not raised by the pleadings in the District Court or considered by it, can not be raised for the first time on appeal. Bergeron v. Mansour, 1 Cir., 152 F.2d 27, 31; United States v. Newbury Mfg. Co., 1 Cir., 123 F.2d 453; Jones v. Kennedy, D.C., D.C., 2 F.R.D. 357. See also: Gutensohn v. Kansas City Southern R. Co., 8 Cir., 140 F.2d 950, 952. The motion to file the Supplemental Complaint will be overruled. In any event, it merely presents another question affecting the merits of the case, which becomes immaterial when the District Court declines to exercise jurisdiction.

[3, 4] The issue before us, assuming that jurisdiction does exist, is whether the District Judge was in error in declining to exercise it. Under the authorities cited in Walker v. Felmont Oil Corp., supra, 6 Cir., 240 F.2d 912, 916, it is a matter of discretion on the part of the District Judge in a declaratory judgment action of this kind whether jurisdiction should be exercised or declined. In our opinion, there was no abuse of such discretion on the part of the District Judge in entering the order hereinabove referred to, from which this appeal was taken.

There remains to be considered whether the District Judge should have dismissed this action without prejudice, as was done, or should have merely stayed proceedings until final disposition of the state court action and thereafter entered a final judgment in accordance with the construction given by the Court of Appeals of Kentucky to the statutes involved. The dismissal of the action offers an opportunity to the appellants to seek a review by the Supreme Court of the rulings of the District Court and of this Court. This aspect of the case was called to the attention of counsel for appellants at the oral argument of this appeal. Of the two alternatives suggested, he expressed a preference for the order of dismissal without prejudice.

The judgment of the District Court is affirmed.