**COMPONENTS, INC., Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY, INCORPORATED, Defendant.**

Civ. No. 11–79.

United States District Court, D. Maine, S. D.

Feb. 12, 1971.

Roger A. Putnam, Portland, Me., Mary Helen Sears, Edward S. Irons, Washington, D. C., Frank A. Steinhilper, Chestnut Hill, Mass., for plaintiff.

Sumner T. Bernstein, Gregory A. Tselikis, Portland, Me., John T. Kelton, Thomas V. Heyman, New York City, for defendant.

## MEMORANDUM AND ORDER

GIGNOUX, District Judge.

There are three motions before the Court for determination at this time:

(1) Plaintiff's motion, filed December 17, 1970, for leave to file a Second Amended Complaint;

(2) Plaintiff's motion, filed December 17, 1970, to amend Count One of the Second Amended Complaint;

(3) Plaintiff's motion under Rule 37(a), filed December 28, 1970, to compel production of documents in Categories I(c) and I(g) of plaintiff's request for production of documents dated November 5, 1970.

The Court has considered the written and oral arguments of counsel at a hearing held on January 21, 1971, and now rules upon these motions as follows:

### I. Plaintiff's Motion for Leave to File a Second Amended Complaint.

Plaintiff's motion for leave to file a Second Amended Complaint is granted.

The parties have agreed that Counts One and Two of the proposed Second Amended Complaint may be allowed without objection. Proposed Count Three seeks a declaratory judgment under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 (1964), that six of defendant's patents relating to semiconductive apparatus are invalid, have not been infringed by plaintiff, and are unenforceable because of misuse in violation of the antitrust laws.[1] The parties have agreed that Count Three may be allowed, without objection, unless the Court determines, upon the basis of a stipulated record, that there is no "actual controversy" between the parties as to the infringement, validity and enforceability of these patents sufficient to sustain the jurisdiction of this Court under the Declaratory Judgments Act.

■ The relevant background and applicable legal principles are set forth in this Court's Opinion and Order of October 23, 1970, 318 F.Supp. 959, and will not be repeated here. For present purposes, it is sufficient to note that the stipulated record before the Court on the present motion discloses that since at least 1965 Components and Western have been endeavoring to negotiate a li-

---

1. Although the proposed Count Three alleges that plaintiff has not infringed any of the patents involved, the prayer to Count Three does not request a declaration of non-infringement. The Court understands this apparent oversight, and a similar omission in the prayer to Count Two, will be corrected by a further amendment.

cense agreement covering semiconductive apparatus manufactured by Components, Western's position throughout these negotiations being that the semiconductive apparatus produced by Components was covered by Western's patents and that Components should accept a license agreement and pay royalties to Western. Defendant contends that the mere offering of a license and negotiations in connection therewith may not constitute a charge of infringement and, hence, cannot establish an "actual controversy" within the meaning of the Declaratory Judgments Act. *Compare* American Needle & Novelty Co. v. Schuessler Knitting Mills, Inc., 379 F.2d 376, 378 (7th Cir. 1967) and Walker Process Equipment, Inc. v. FMC Corp., 356 F.2d 449 (7th Cir.), cert. denied, 385 U.S. 824, 87 S.Ct. 56, 17 L.Ed.2d 61 (1966), *with* Sticker Industrial Supply Corp. v. Blaw-Knox Co., 367 F.2d 744 (7th Cir. 1966). Plaintiff's answer to defendant's Interrogatory 4(d), however, specifies five telephone conversations and meetings subsequent to December 1965 during which defendant's representatives charged "that * * * *semiconductive apparatus manufactured and sold by plaintiff infringed defendant's patents* and, therefore, that plaintiff should accept a royalty bearing license under such patents." Nothing in the stipulated record before the Court at this time controverts these statements, which for purposes of the present motion the Court must accept as true. *Cf.* F.R.Civ.P. 56(e). Applying the principles summarized by this Court in its October 23, 1970 opinion, it is evident that, on the present record, the Court cannot say that a case of "actual controversy" within the meaning of the Declaratory Judgments Act does not exist in respect of defendant's semiconductive apparatus patents. As the Court observed in its October 23, 1970 opinion, if plaintiff's assertions are established at trial,

> Plaintiff is now in the position where it must either cease production of its

[semiconductive apparatus] or face the risk of being liable to defendant for substantial damages whenever defendant may see fit to bring an infringement suit against it. * * * To deny that an "actual controversy" exists in this case is to "ignore the realities of business life." * * *

## II. Plaintiff's Motion to Amend Count One of the Second Amended Complaint.

Plaintiff's motion to amend Count One of the Second Amended Complaint is granted, except insofar as it seeks to amend paragraph (c) of the "Prayer as to Count One."

Count One of the Second Amended Complaint seeks treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15 (1964), for alleged violations of the antitrust laws arising from defendant's patent licensing practices. The proposed amendment would add to its substantive averments the allegation that some or all of the patents allegedly being misused by defendant are invalid. It also seeks to add to the relief sought a prayer for a declaration of invalidity of the patents involved.

In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court reaffirmed the mandate of F.R.Civ.P. 15(a) that, absent bad faith, undue delay, dilatory motive, or undue prejudice to the opposing party, amendments to pleadings "shall be freely given when justice so requires." 371 U.S. at 182, 83 S.Ct. at 230. F.R.Civ.P. 15(a). See also Middle Atlantic Utilities Co. v. S. M. W. Development Corp., 392 F.2d 380, 384 (2d Cir. 1968); Forster Mfg. Co. v. F. T. C., 335 F.2d 47, 50 (1st Cir. 1964); 3 Moore's Federal Practice ¶15.08 (2d ed. 1968). Since this Court's order of October 23, 1970 stayed discovery and trial of the antitrust and patent misuse issues presented by this action pending trial of the patent infringement and validity issues, allow-

ance of the proposed amendment at this stage of the proceeding will not result in "undue delay" or "undue prejudice" to defendant. Nor does the record disclose "bad faith" or "dilatory motive" on the part of plaintiff. Insofar, therefore, as the proposed amendment seeks to add to the allegations of Count One the averment that some or all of the patents allegedly being misused by defendant are invalid, the liberal philosophy of Rule 15(a) requires that leave to amend be granted.

■ The proposed amendment to the prayer to Count One, by which plaintiff asks for a declaration of invalidity of defendant's patents, must be denied. The additional relief sought is both duplicitous of that sought in Counts Three and Two and is not authorized by Section 4 of the Clayton Act.

### III. *Plaintiff's Rule 37(a) Motion.*

Plaintiff's motion under F.R.Civ.P. 37(a) to compel the production of documents in Categories I(c) and I(g) of plaintiff's request for production of documents is granted.

Categories I(c) and I(g) of plaintiff's request seek discovery of all documents relating to the licensing or attempted licensing of defendant's two capacitor patents. Defendant objects on the grounds that such material is not relevant to the issues of validity and infringement of these patents, and although possibly relevant on the antitrust and patent misuse issues, the Court's Order of October 23, 1970 stayed all discovery on the antitrust and patent misuse issues pending its further order.

The sole question presented by the present motion is whether the requested documents are within the scope of the discovery permitted by F.R.Civ.P. 26(b) (1), which provides in relevant part:

(1) *In general.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

[4, 5] It appears to be settled law that the actions and statements against interest of the inventor or owner of a patent may properly be considered by the Court in construing the scope of the patent, and are therefore relevant to the issues of validity and infringement. Canadian Ingersoll-Rand Co. v. Peterson Products, 350 F.2d 18, 25 (9th Cir. 1965); Jungersen v. Baden, 166 F.2d 807, 809 (2d Cir. 1948), aff'd, 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235 (1949); Timken Detroit Axle Co. v. Cleveland Steam Products Corp., 148 F.2d 267, 270 (6th Cir.), cert. denied, 326 U.S. 725, 66 S.Ct. 30, 90 L.Ed. 430 (1945); Enterprise Railway Equipment Co. v. Pullman Standard Car Manufacturing Co., 95 F. 2d 17, 21 (7th Cir. 1938); 4 Deller's Walker on Patents § 228 at 76–77 (2d ed. 1965). Since the documents relating to defendant's licensing or attempted licensing may contain admissions against interest as to defendant's own interpretation of the claims of the patents in suit, they are "relevant to the subject matter involved in the pending action." No claim of privilege is asserted, and plaintiff is entitled to discovery thereof. *Accord,* Kearney & Trecker Corp. v. Giddings & Lewis, 296 F.Supp. 979, 983 (E.D.Wis.1969); Drake v. Pycope, 96 F.Supp. 331 (N.D.Ohio 1951); E. I. DuPont De Nemours & Co. v. Byrnes, 1 F.R.D. 34, 39 (S.D.N.Y.1939).

* * *

In accordance with the foregoing,

It is ordered as follows:

(1) Plaintiff's motion for leave to file a Second Amended Complaint is granted;

(2) Plaintiff's motion to amend Count One of the Second Amended Com-

plaint is granted, except insofar as it seeks to amend paragraph (c) of the "Prayer as to Count One." So much of said motion as seeks to amend paragraph (c) of the "Prayer as to Count One" is denied;

(3) Plaintiff's motion under Rule 37(a) to compel production of documents in Categories I(c) and I(g) is granted;

(4) All discovery of the validity, infringement and misuse issues in respect of defendant's semiconductive apparatus patents, raised by Count Three of the Second Amended Complaint, is stayed pending further order of this Court; and

(5) Plaintiff shall file within ten days from the date of receipt of a copy of this order a Third Amended Complaint in conformity with the foregoing. Defendant shall file its answer to said Third Amended Complaint within ten days thereafter.