**ROBIN PRODUCTS COMPANY, Plaintiff-Appellant,**

v.

**Jerry J. TOMECEK, Defendant-Appellee.**

No. 71-1789.

United States Court of Appeals, Sixth Circuit.

Aug. 23, 1972.

H. P. Settle, Jr. (Bernard J. Cantor, Cullen, Settle, Sloman & Cantor, Detroit, Mich., on the brief), for appellant.

Bruce G. Klaas, Denver, Colo., for appellee.

Before PHILLIPS, Chief Judge, Mc-CREE, Circuit Judge, and ENGEL, District Judge.*

PHILLIPS, Chief Judge.

This is an appeal from an order of the District Court dismissing a declaratory judgment action for lack of jurisdiction. We vacate dismissal and remand.

The factual background as to events prior to October 1970 is simple and undisputed. Jerry Tomecek developed a cable clip for use in automobile heater controls and filed a patent application therefor. In 1968, during pendency of the application, he entered into an agreement with Robin Products whereby Robin was given the exclusive right to make, use and sell the clip. The agreement provided for the royalties based on sales with a yearly minimum, an additional lump sum royalty upon issuance

---

* Honorable Albert J. Engel, Judge, United States District Court for the Western District of Michigan, sitting by designation.

of the patent, and payment by Robin of the costs of obtaining the then pending patent and any improvement patents. The patent issued in May 1970.

Robin never made payments under the agreement, asserting that Tomecek had breached his warranty of title to the invention. This question had arisen in the course of Robin's attempts to interest Chrysler Corporation in the Tomecek clip. Robin was informed that Chrysler was not interested in the Tomecek clip, that the clip had been invented by Chrysler personnel, and that Chrysler intended to provoke an interference in the Patent Office to resolve the question of priority of invention. At Chrysler's request, Robin agreed to supply clips in accordance with Chrysler's specifications.

In August 1970, Tomecek commenced arbitration proceedings pursuant to the contract in order to recover the minimum and lump sum royalties and patent procurement costs. Tomecek further exercised his rights under the termination clause of the agreement by letter of September 3, 1970, the termination to be effective October 23, 1970. On the eve of the arbitration hearing, Robin filed this declaratory judgment action, seeking a declaration that the Tomecek patent was invalid and was not infringed by the clips which it was selling to Chrysler. The arbitration was stayed by a show cause order filed with the complaint. Counsel informed this court at oral argument that the arbitrator has now stayed proceedings on his own motion pending termination of the interference proceedings in the Patent Office. Tomecek moved to dismiss the action on the ground that there was no case or controversy within the court's jurisdiction. Supporting affidavits of Tomecek and his attorney were filed, alleging that no charge of infringement or infringement investigation had been made by either of them. Robin filed a verified response, subscribed to by Robin manager Martin Brown, which stated that Tomecek's attorney orally had communicated with Brown after termination

demanding future royalty payments and that this demand was regarded as a charge of infringement. The District Court conducted a hearing on the motion under R. 12(d), Fed.R.Civ.P. In addition to the affidavits, documentary evidence in the form of letters regarding the money due under the agreement and the arbitration proceedings were introduced. Counsel were permitted to argue, but Robin's proffer of Brown's testimony was refused. The District Court ordered the action dismissed without prejudice on the ground that there was no case or controversy.

The Declaratory Judgment Act, 28 U.S.C.A. § 2201, requires the existence of "an actual controversy within [the court's] jurisdiction." In actions of the type herein involved, a justiciable controversy is made out upon plaintiff's showing of "any indirect or implicit or covert charge [of infringement] or threat [of suit or] . . . any conduct or course of action from which any charge or threat could be inferred." Goodrich-Gulf Chemicals, Inc. v. Phillips Petroleum Co., 376 F.2d 1015, 1019 (6th Cir. 1967). The alleged demand for payment of posttermination royalties is "conduct . . . from which any [infringement] charge . . . could be inferred," if not an implicit charge of infringement.

We have referred above to the verified response of Robin, which is sworn to by Martin Brown. This response, in part, is as follows:

> "Months after the patent license was cancelled, Tomecek's attorney (Bruce Klaas, Esq.) orally advised Robin's manager (Martin M. Brown) to the effect that Tomecek looked to and expected Robin to pay royalties under the patent for the past as well as the future. Robin took that to be a threat of patent infringement action, which appeared to be the way it was intended."

Mr. Bruce Klaas, attorney for Tomecek, denies these representations, creating a controverted issue of fact.

■ The appropriate test is whether the course of action would be regarded by a reasonable man as a charge of infringement and was so regarded by the party seeking declaratory relief. The Brown affidavit asserts material issues of fact as to the circumstances of the communication and alleged demand. Resolution of these issues is required under the above test. Such resolution solely on documentary evidence was particularly inappropriate in the light of the proffer of Brown's testimony. It is only in the clear absence of contested facts that an offer of proof may properly be denied. While the burden of proof on the issue of jurisdiction is on the party asserting jurisdiction, the opportunity to present such proof should not be foreclosed.

■■ Although findings of fact or conclusions of law are not required in ruling on motions to dismiss for want of jurisdiction, R. 52(a), Fed.R.Civ.P., their absence in this case leaves us uncertain as to the precise basis of the decision of the District Court. The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so," Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962), and "confer[red] a discretion on the courts rather than an absolute right upon the litigant." Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 238, 97 L.Ed. 291 (1952). Dismissal of the action in the exercise of this discretion would have been appropriate in light of Tomecek's resort to the arbitration proceedings in which all issues could be raised. See Product Engineering & Mfg. Inc. v. Barnes, 424 F.2d 42 (10th Cir. 1970; cf. Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969).

■ The opinion of the District Court contains this closing paragraph:

"However, Defendant has asked that this also be considered a motion for declaratory judgment and that the dismissal be with prejudice. The court will not grant that motion and the dismissal will be without prejudice."

We are unable to ascertain whether dismissal was ordered to be without prejudice because the court wished to leave no question that there was no adjudication on the merits or because the dismissal was in the exercise of its discretion to decline jurisdiction. Compare American Needle & Novelty Co. v. Schuessler Knitting Mills, Inc., 379 F.2d 376, 378 (7th Cir. 1967) with Walker v. Felmont Oil Corp., 262 F.2d 163, 165 (6th Cir. 1958), cert. denied, 361 U.S. 840, 80 S.Ct. 61, 4 L.Ed.2d 78 (1959).

Vacated and remanded for a further evidentiary hearing under Rule 12(d), Fed.R.Civ.P., on the issue of whether an actual controversy exists between the parties requiring a declaratory judgment.

ENGEL, District Judge (concurring in remand).

I agree with the majority that, in the face of conflicting affidavits, an evidentiary hearing was necessary, at least if requested. As to the propriety of "speaking motions" under Rule 12(b), Federal Rules of Civil Procedure, see, generally, Wright and Miller, Federal Practice and Procedure, Civil § 1364.

I concur in remand primarily because the trial judge himself acknowledged that a request for such a hearing was made and refused.[1] Both counsel and the trial judge seem to have been uncertain whether an evidentiary hearing was available as a matter of right, and remand for that purpose would appear to be in the best interests of justice under the circumstances. At the same time, in fairness to the trial judge, it should be noted that the confusion on the point is chargeable to the conduct of counsel for appellant and not the court. The request for such a hearing was hardly unequivocal. The affidavit of Robin's manager, Martin M. Brown, had already

[1]. Pages 82–83 of the Appendix: "The Court: Of course, at that time they did make an offer and it was refused."

been submitted, and he was also personally present. Appellant, as we properly hold here, had a right to have the weight and credibility of Brown's testimony tested by his personal appearance, under oath, at the proceedings. Whether this was actually necessary, in view of the affidavits filed, was peculiarly within the knowledge of trial counsel. If it was, counsel should have made the fact known to the court in clear terms, so that error on the court's part might have been avoided. Instead of making this decision himself, and asserting the right, counsel impliedly left the decision to the court,[2] which observed that "I don't believe that testimony is necessary." (Appendix p. 72).

While the practice of having witnesses available to testify on a point, if the court feels the need to hear them, may be courteous, it is not to be condoned as a means to lead the trial judge into reversible error if the courtesy is declined. It does not seem too much of a burden to insist that, if oral testimony was deemed important, counsel should have moved directly for an evidentiary hearing, or for a continuance for that purpose, or, at a minimum directly have requested of the court permission to call the witness to testify.

The majority opinion expresses uncertainty as to whether "dismissal was ordered to be without prejudice because the court wished to leave no question that there was no adjudication on the merits or because the dismissal was in the exercise of its discretion to decline jurisdiction."

The opinion of the trial court, delivered orally from the bench, would appear rather clearly to support the first supposition:

"Now, both parties have relied heavily on the Goodrich case and the Court has reviewed the briefs and heard the oral arguments and the cases present-

ed to the Court. From my reading of the Goodrich case, there appears to be no controversy in the instant action sufficient enough to invoke the jurisdiction of this Court under the Declaratory Judgment Act. In the Goodrich case on page 1019, the court discusses what is sufficient and it concludes that where no charge or threat of infringement is made, jurisdiction would not lie. The holding there was that while a formal charge of infringement was lacking, a course of conduct indicating infringement would be enough.

"Here, there is no formal charge or, in the opinion of the Court, no contemplation of one. This conclusion is based upon the affidavits of Tomacek and Klaas attached to the brief. Further, the interference does not give rise to a controversy. Here, the Court cites Mueller (phonetic) V. Olden Mathis (phonetic) Chemical Corporation, 404 Fed.2nd 501. The dispute here does not involve the validity of the patent but rather the contractual obligations of the parties; and since it involves contractual matters and not infringement, the Court is of the opinion that it does not have jurisdiction. The Court, therefore, will grant the motion to dismiss.

"However, Defendant has asked that this also be considered a motion for declaratory judgment and that the dismissal be with prejudice. The Court will not grant that motion and the dismissal will be without prejudice."

Some uncertainty exists, however, as to whether a dismissal on the grounds so found would properly be for want of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim upon which relief can be granted, Rule 12(b)(6). The order of dismissal cites both; the majority opinion refers to neither.

2. Page 69 of the Record: "Under the circumstances, we ask this Court to deny the motion and either proceed with the case or if the Court feels that testimony should be taken on the subject of this issue of fact, then let's take testimony on this issue of fact. Let's do it that way. We ask that the motion be denied."

The complaint on its face purports to invoke exclusive jurisdiction of the federal court on matters relating to patents, 28 U.S.C. § 1338, and seeks relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Since, therefore, the complaint purports to state a claim under federal law, subject matter jurisdiction within the meaning of Rule 12(b) (1) would appear to exist, regardless of the actual validity of the claim, Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963), and Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939 (1946).

However, the district court found that the plaintiff, while alleging a federal statute as the basis of subject matter jurisdiction, was not in fact relying upon the statutes cited to state a claim at all, but was utilizing it merely as a basis of subject matter jurisdiction in this court. (See cited portion of District Court's opinion, *infra*. As the Supreme Court stated in Hood, *supra,* page 682, 66 S.Ct. page 776:

> "The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made *solely for the purpose of obtaining jurisdiction.* . . ." (emphasis added)

Although not specifically relying upon *Hood, supra,* it seems clear that the district court dismissed the suit on the basis of the exception stated in *Hood.*

The complaint also asserts jurisdiction on the basis of the Declaratory Judgment Act. However, the Act does not expand the jurisdiction of federal courts, but merely enlarges the range of remedies available in federal courts where subject matter jurisdiction already exists, e. g., a federal right or diversity of citizenship, Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The scope of relief under the Declaratory Judgment Act extends only to cases "of actual controversy", and thus the finding of absence of actual controversy would appear to justify a motion to dismiss under Rule 12(b) (6). No distinction between the two concepts appears in *Goodrich-Gulf Chemicals, supra,* and while that opinion speaks in terms of "jurisdiction under the Declaratory Judgment Act," 376 F.2d p. 1018, it is clear that the finding of an absence of a justiciable controversy to which the remedy could be applied, warranted the dismissal under the facts which existed in that case. So too, in this case did the District Court determine that the facts warranted such a dismissal.

Finally, the majority opinion vacates and remands for a further evidentiary hearing "on the issue of whether an actual controversy exists between the parties *requiring a declaratory judgment."* (emphasis added). I would not so limit the remand, but would leave all issues properly before the trial court open for reconsideration in the light of the evidentiary hearing to be held.

The complaint as filed seeks not only declaratory judgment relief, but damages and injunctive relief as well. If the evidentiary hearing satisfies the trial judge that there is no subject matter jurisdiction, within the meaning of *Goodrich* and *Hood, supra,* then dismissal of the entire complaint, under rule 12(b) (1) would be appropriate. If, on the other hand, the trial court held after hearing, that the federal claim, even though it might not ultimately be sustained, nevertheless had "substance", and that it and the non-federal contract dispute "derive from a common nucleus of operative fact", United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965); Lewis v. Pennington, 400 F.2d 806, 815 (6th Cir. 1968); Shaw-Henderson, Inc. v. Schneider, D. C., 335 F.Supp. 1203, Aff'd. 6th Cir., 453 F.2d 748 (1971), it would have discretion to decide whether in the view of the pending arbitration proceeding, it wished to retain or decline pendent jurisdiction. In the connection therewith it could also determine whether it

wished to grant declaratory relief, which is not required, as implied by the majority opinion, but is discretionary, Walker v. Felmont Oil Corp., 262 F.2d 163 (6th Cir. 1967).