**CROOK et al. v. BENDIX AVIATION CORPORATION.**

Civil Action No. 755.

District Court, D. Delaware.

Nov. 12, 1946.

Prentice E. Edrington and Thurman Arnold, of Washington, D. C., and Killoran & VanBrunt, of Wilmington, Del., for plaintiffs.

L. H. Sutton, W. B. Kerkam, and G. W. Daisley (of Cameron, Kerkam & Sutton), all of Washington, D. C., and Hugh M. Morris (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for defendant.

LEAHY, District Judge.

1. Count 3 seeks to have the four patents issued to Hyland and Nowosielski, assignors of defendant Bendix, assigned to plaintiffs on the ground defendant is trustee ex maleficio. It appears the theory of the complaint is that the patents are invalid[1] because Hyland and Nowosielski are not the first inventors of the subject matter of the specifications and claims of those patents. Plaintiffs' prayer (b) is: "Declaratory judgment declaring plaintiffs to be the equitable owners of United States Letters Patent No. Re. 21550, 2,301,571, 2,352,480, and 2,352,481 and that defendant be ordered to deliver up the same to your plaintiffs by assignment thereof." The substance of the allegations is that, with the exception of "grounding," Crook was the true inventor of the subject matter claimed by Hyland and Nowosielski. Disregarding for the moment the exception, plaintiffs are seeking to have assigned to them patents which they allege were granted to persons not the first or true inventors of the subject matter claimed in those pat-

---

[1] Count 3, Paragraph XXI of the complaint alleges in part, as follows:

"* * * were unlawfully abstracted and taken, as Bendix well knew, by the said Hyland and the said Nowosielski from the Crook patent No. 1,645,643 and the unpatented improvements thereof disclosed in confidence as aforesaid."

450

ents. Defendant argues a patent in such circumstances can not be assigned.

■■■ The patent law makes it essential to validity of the patent that it shall be granted to the original and first inventor whether the patent is issued to him or to his assignee. A patent applied for by one who is not the true inventor is unauthorized by law and void; and this is so, whether it is taken out in the name of the applicant or of any assignee of his, and such a patent confers no rights as against the public. Kennedy v. Hazelton, 128 U.S. 667, 9 S.Ct. 202, 32 L.Ed. 576. A patent issued under the circumstances alleged in the present complaint confers no rights against the public, but is absolutely void; and a federal court will not order an assignment of such a patent because there can be neither legal nor equitable ownership of a void patent. The reason a court of equity will not order an assignment of such a patent is that to do so would be to decree a conveyance of the property in which the party has and can confer no title, and because its only possible value or use to the party seeking an assignment or conveyance would be to enable him to impose upon the public by asserting rights under a void patent. Friedman v. Washburn Co., 7 Cir., 145 F.2d 715.[2]

Plaintiffs contend, however, that the later Supreme Court case of Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752, impels a different conclusion. The Becher case does not expressly overrule Kennedy v. Hazelton and I do not think it impliedly overruled it.[3] That case involved an appeal from the New York Court of Appeals where the state court had ordered an assignment of a patent which under the federal rule would have been considered void and non-assignable because not issued to the true inventor. By affirming, I do not think the Supreme Court approved of the New York state court holding. Obviously the New York court had power and jurisdiction to order the wrongdoer to assign anything he had, without even considering the validity or worth of what he was compelled to assign. The reason that the Supreme Court probably did not approve of the New York ruling is that a void patent might be used as an instrument of fraud; yet, this was not a reason to reverse the state court on an appeal to the Supreme Court. By reason of the exclusive jurisdiction of the federal courts to declare a patent void, the New York court had no power to rule other than it did. I conclude, therefore, that the Becher case does not overrule Kennedy v. Hazelton, supra, in a case originating in the federal courts.

But, plaintiffs allege an exception to what was asserted and used in the Hyland and Nowosielski patent applications.[4] That statement or exception constitutes an allegation of plaintiffs that the inventions of Hyland and Nowosielski are or are not the alleged inventions of the patent to Crook. Irrespective of how the exception is interpreted, there is no right of assignment. If the inventions are the same as the alleged inventions of the patent to plaintiff Crook, the foregoing cases apply and plaintiffs are not entitled to assignments of those patents by virtue of a decree of a court of equity. If, on the other hand, the inventions of the Hyland and Nowosielski patents are not for the alleged inventions of the patent to Crook, plaintiffs have not

---

[2] At par. 5 of syllabus:

"Where plaintiff alleges that defendant misappropriated plaintiff's invention and secured a patent thereon, plaintiff is not entitled to relief by way of a judicial declaration that defendant is a trustee ex maleficio of patent or by way of assignment of patent, since such allegation, if true, establishes invalidity of patent."

[3] Woodruff v. Parham, 8 Wall. 123, 138, 19 L.Ed. 382:

" * * * No proposition of law can be said to be overruled by a court, which was not in the mind of the court when the [later] decision was made."

[4] "Except for the fraudulent 'grounded' mode of operation asserted and used by Bendix, the drawings, specifications and claims of said Hyland and Nowosielski patent applications and issued patents disclose and claim all that Plaintiff, Crook, as the true inventor thereof would have been lawfully entitled to claim if he had applied for and secured patents therefor and of which your plaintiffs would have been the owners thereof. * * *" Par. XXI of the complaint.

shown any right or color of right to those patents. As I have concluded that plaintiffs are not entitled to any relief under count 3, action should be dismissed as to that count.

2. The motion for particulars should be granted in part. Some of the averments in the complaint are such as to make it difficult for defendant to file a responsive pleading; others violate Rule 9(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for lack of specificity in connection with the fraud charges. Plaintiffs will be required to give particulars as to B (1, 8, 9, 10, 11, 13 and 18). The other particulars sought by defendant are obviously evidentiary material. Consequently, they should not be made available under Rule 12(e). Best Foods, Inc., et al. v. General Mills, Inc., D.C. Del., 3 F.R.D. 275. This material, which I have refused by way of a bill of particulars, will be readily available to defendant if it utilizes the other means of pre-trial discovery afforded by the Rules. Hence, defendant's motion for particulars with respect to B (2, 3, 4, 5, 6, 7, 12a, 12b, 12c, 12d, 12e, 12f, 12g, 14, 15, 16 and 17) will be denied.

3. Defendant's motion for production of the several writings and documents should be granted.

An order may be submitted.