**GOODRICH–GULF CHEMICALS, INC.,**
**Plaintiff-Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY,**
**Defendant-Appellee.**

**No. 16942.**

United States Court of Appeals
Sixth Circuit.

April 28, 1967.

Harold K. Bell, Cleveland, Ohio, and R. W. Furlong, Boston, Mass. (Spieth, Bell, McCurdy & Newell, Cleveland, Ohio, Edgar H. Kent, Fish, Richardson & Neave, Boston, Mass., on the brief; Jerome Taylor, Louis J. Weisz, Cleveland, Ohio, of counsel), for appellant.

Sidney Neuman, Chicago, Ill. (Robert L. Austin, Pendleton, Neuman, Seibold & Williams, Chicago, Ill., Robert W. Moore, Jones, Day, Cockley & Reavis, Cleveland, Ohio, J. A. Young, Bartlesville, Okl., on the brief), for appellee.

Before O'SULLIVAN, PECK and McCREE, Circuit Judges.

PECK, Circuit Judge.

While the complaint herein possesses at least the superficial indicia of a typical patent action, the issues presented in this court are procedural and jurisdictional as distinguished from those arising in the conventional patent suit.

The action is one seeking a declaratory judgment under 28 U.S.C. § 2201 holding invalid defendant-appellee's * patent No. 3,178,402, and for related relief.

■ It is alleged in the complaint that in 1964 the United States Patent Office declared Interference No. 94,426 between a patent application owned by plaintiff (Horne and Carlson patent application Serial No. 503,027), a patent application owned by defendant (Smith and Zelinski patent application Serial No. 578,166), and a patent application owned by a third party not a party hereto. In response to a show cause order issued against them, Smith and Zelinski filed a motion to dissolve the Interference which, it is alleged in the complaint, was set for hearing in the Patent Office on April 19, 1965. After the issuance of the show cause order but prior to said date set for the hearing thereunder, defendant caused to be filed in the Patent Office patent application Serial No. 425,-349, which was stated to be a division of the aforesaid application Serial No. 578,-166, and containing the same claims 17 and 19 previously declared in the Interference to be unpatentable over the issue of the Interference. It should be kept in mind that a declaration amounts not to a determination of, but merely to the institution of an interference by internal, unilateral Patent Office action. Subsequently, defendant caused Serial No. 578,166 to be amended by cancelling, inter alia, claims 17 and 19 from that application, to permit those claims to issue in the divisional application Serial No. 425,349 and caused the Patent Office to enter said amendment.

Thereafter defendant obtained an allowance from the Patent Office of application Serial No. 425,349 in order to issue it as United States Patent No. 3,-178,402, hereinabove mentioned, on April 13, 1965. Claims 17 and 19 were contained therein, and this entire proceeding is alleged to have been accomplished without notice to plaintiff or to the opposing parties in said Interference, and without a determination of priority therein.

All of the foregoing is as alleged in the complaint, as is an allegation that "an actual controversy exists between the parties as to priority in respect of the subject matter claimed in Smith and Zelinski applications Serial No. 578,166 and 425,349 and U. S. Patent 3,178,402 issuing to defendant on the latter application. * * * " The complaint then contains an allegation to the effect that the issuance and existence of said patent owned by defendant casts a cloud on plaintiff's licensing rights under application Serial No. 503,027, and that the patent is invalid and void because Smith and Zelinski were not the original and first inventors, and also alleging instances of prior invention, knowledge used by others and public use and sale.

The defendant moved to dismiss the complaint, and the district judge, taking the allegations of the complaint as true for purposes of said motion, found it to be well taken and granted the dismissal. This appeal was perfected from the order dismissing the complaint. The underlying issue is whether declaratory judgment action may be instituted against a patentee where the patent has been involved in an interference in the U. S. Patent Office upon the premise that such interference constituted an "actual controversy," even though the patent itself has been extricated from the interference.

■ The existence of an "actual controversy" is an essential prerequisite in such suit because only in such instance does the district court have jurisdiction under the Declaratory Judgment Act (28 U.S.C. § 2201), cited in the complaint as the basis for the present action. In construing the Declaratory Judgment Act, this court stated in E. W. Bliss Co. v. Cold Metal Process Co., 102 F.2d 105, 108 (6th Cir. 1939):

"In Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, the Su-

* The parties will hereinafter be designated as they were in the trial court.

preme Court recently restated the principles governing determination of the existence of a controversy in the constitutional sense, and the cases are there fully reviewed The Declaratory Judgment Act is operative only in respect to such controversy, which must be one that is appropriate for judicial determination, distinguishable from a dispute of hypothetical or abstract character. It must be definite and concrete, touching the legal relations of parties having adverse legal interests and admitting of specific relief through a decree of a conclusive character as distinguished from an opinion advising what the law would be on a hypothetical state of facts, even though adjudication may not require the award of process, the payment of damages or the granting of an injunction."

Both parties cite *Bliss,* indicating recognition by each of the fact that existence of an actual controversy is a legal prerequisite for a declaratory judgment action. Thus the underlying issue presented concerns the existence of such an actual controversy.

■ It is undisputed that where defendant has made a charge of infringement, a controversy exists which gives declaratory judgment jurisdiction, and in numerous cases conduct or action by defendant short of an actual charge of infringement has similarly been held sufficient to establish such jurisdiction. The district judge recognized these principles and the memorandum decision sustaining the motion to dismiss states, "In declaratory judgment actions involving patents there cannot be a justiciable controversy unless the defendant-patentee has charged the plaintiff with infringement; however, the 'charge of infringement' has been given a liberal interpretation, e. g., threatened suits against the customers of plaintiff and notices to trade journals have been sufficient." Reference is made to Treemond Co. v. Schering Corp., 122 F.2d 702 (3d Cir. 1941); Dewey & Almy Chemical Co. v. American Anode, Inc., 137 F.2d 68 (3d Cir. 1943), cert. denied, 320 U.S. 761,

64 S.Ct. 70, 88 L.Ed. 454 (1943); Tuthill v. Wilsey, 182 F.2d 1006 (7th Cir. 1950); and 6A Moore, Federal Practice, 2d ed., pp. 3119–120, and the authorities there cited. However, a comparison of plaintiff's statement of the questions presented to this court with the counterstatement of such questions by the defendant strongly indicates that defendant had little faith in the quoted statement of the trial court and preferred defending its judgment on another ground.

■ The first of the two questions plaintiff contends establish the issues here asks whether there can be "an actual controversy involving a patent, justiciable under 28 U.S.C.A. sec. 2201, if there has been no charge of infringement of the patent?" Defendant, apparently being reluctant to defend on as narrow an issue as presented under plaintiff's question, lists as the first of its three "Questions Presented" a broader question as to whether a district court should "accept jurisdiction of a declaratory judgment suit in which the complaint does not allege facts showing a controversy as to the patent which is the subject of the suit." This disinclination to agree that the presence or absence of a charge of infringement created the threshold question can only be construed as an acknowledgment by defendant that such a charge is not essential to establish an actual controversy under the Declaratory Judgment Act. It is similarly our conclusion that the existence of a justiciable controversy can be predicated on acts or a course of action not amounting to a formal charge of infringement. Rather, as is indicated by defendant's statement of the question, jurisdiction under the Declaratory Judgment Act exists where facts are alleged showing a controversy as to the patent which is the subject of the suit.

■ This being true, it becomes necessary to inquire what overt act or course of action need have been performed by the holder of the patent to show the existence of such an actual controversy as will permit a possible infringer to maintain an action against the patentee.

As a point of departure, we reiterate that the holder of a patent may institute an action against an alleged infringer without notice and without an allegation that the alleged infringer has made any claim of invalidity as to the patent even though in some circumstances only limited relief may be available (E. g., see 35 U.S.C. § 287.) At first blush it might appear that what is sauce for the goose is sauce for the gander, and that one who fears his prospective product, process, or composition might infringe should be able to obtain a declaration on the issue of infringement prior to the expenditure of time and money in his contemplated enterprise. However, reflection will quickly indicate that if such were to be the law the holder of a patent could be endless harassed by the necessity of defending suits by multitudes of parties against whom he had never contemplated action. See Borchard, Declaratory Judgments (2d ed. 1941) p. 807.

Returning to the question of the minimal conduct required of the patentee to establish a controversy, it is first noted that disputes involving ownership of title to patents, or of licenses thereunder, have been held to constitute actual controversy (Borchard, Declaratory Judgments (2d ed. 1941) pp. 756, 823; Velsicol Chemical Corp. v. Hooker Chemical Corp., 230 F.Supp. 998, 1016 (N.D.Ill. 1964); Crook v. Bendix Aviation Corp., 68 F.Supp. 449 (D.Del.1946)), but no such dispute is here alleged. The complaint makes no allegation of adversary action against plaintiff nor of any charge of patent infringement or threat of suit against it or its customers or suppliers. Neither is it even alleged that any indirect or implicit or covert charge or threat had been made against plaintiff or anyone else, and it is not contended that defendant has engaged in any conduct or course of action from which any charge or threat could be inferred. Similarly, it is not complained that the parties compete as to the patented subject matter or that plaintiff is infringing, has infringed or ever intends to infringe the patent held by defendant. Reference is again made to the trial judge's memorandum decision wherein it is stated that "plaintiff has not alleged any action taken by defendant subsequent to issuance of its patent."

Plaintiff primarily contends instead that the pendency of the unresolved Interference in the Patent Office constituted an actual controversy and that therefore it was unnecessary to allege in the complaint that defendant had charged an infringement of its patent by plaintiff. The readily apparent difficulty with this contention is that since the patent in suit issued subsequent to the declaration of the Interference, the Interference cannot be construed as having application to that patent. Plaintiff attempts to bridge that gap by pointing to its allegation that claims 17 and 19 of the Smith and Zelinski application, which had originally been held to be unpatentable over the issue of the Interference, were contained in the application which matured into the patent in suit.

In spite of an argument in plaintiff-appellant's brief in this court which might indicate otherwise, there is no allegation in the complaint that the sole issue in the Interference (which under the statute must be that of priority; 35 U.S.C. § 135) was determined by the Patent Office. So far as the Patent Office is concerned the issuance to defendant of the patent in suit ended any controversy as to defendant's right to receive the patent, and such issuance carried with it the mandatory statutory presumption of validity contained in 35 U.S.C. § 282. See Hazeltine Research, Inc. v. Avco Mfg. Corp., 227 F.2d 137, 146 (7th Cir. 1955), in which the growing recognition of the finality accorded administrative determinations is discussed. Thus it can only be concluded that the still pending (so far as can be ascertained from the record before us) Interference in the patent suit does not constitute an "actual controversy" as to the subject patent within the meaning of the Declaratory Judgment Act.

In view of this determination, comment on other contentions presented becomes

unnecessary, but because both parties recognize the absence of clear precedent on the issue presented, and both cite and discuss at length Muskegon Piston Ring Co. v. Olsen, 307 F.2d 85 (6th Cir. 1962), cert. denied, 371 U.S. 952, 83 S.Ct. 508, 9 L.Ed.2d 500 (1963), a review of that opinion is indicated. Therein it was held by this court that any disparagement of plaintiff's right to make and sell piston rings embodying invention disclosed in its patent would not constitute unfair competition, and that libel and slander, threats against plaintiff's customers and interference with plaintiff's right to enjoy benefit of its patent gave rise to a cause of action under state law, but did not give rise to a cause of action under the patent laws of the United States. Both the majority and dissenting opinion found the existence of a justiciable controversy, but they concluded respectively that a state court and a federal court was the proper forum because different evaluations were made of evidence of threats and adversary activities of one of the defendants. Since, as has been stated earlier, no adversary action is alleged to have been taken by the defendant herein subsequent to the issuance of its patent, *Muskegon* is without application.

 As has been hereinabove indicated, it is here determined on the basis of the facts alleged in the complaint, which must on this appeal be taken as true as they were for purposes of the motion to dismiss by the District Court, that no "actual controversy" exists within the meaning of 28 U.S.C. § 2201. Since, however, we are not dealing with summary judgment procedure but with a motion to dismiss (which, at least for present purposes, partakes of the nature of the old general demurrer), plaintiff may be entitled to plead further if it so elects. We cannot say on the record before us that it is not possible for plaintiff to allege facts showing the existence of a justiciable controversy, and should it desire to do so plaintiff may file an amended petition within 20 days from receipt by the clerk of the District Court of the mandate herein.