Corning v. Zellen, et al.          CV-98-499-M    02/03/99
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Corning Incorporated,
     Plaintiff

     v.                                    Civil No. 98-499-M

Zellen Corporation and
Eric S. Berry,
     Defendants


                          **O R D E R**


     This is a declaratory judgment action brought by Corning,

Incorporated ("Corning") of New York against defendants Zellen

Corporation ("Zellen") and Eric S. Berry ("Berry") of New

Hampshire.  Corning seeks a declaration of ownership rights to

certain patents.  It asserts that the court may properly exercise

diversity jurisdiction under 28 U.S.C. § 1332.

     Defendants Zellen and Berry have moved under Fed. R. Civ. P.

12(b)(1) to dismiss the complaint for lack of subject matter

jurisdiction on the grounds that there is no actual case or

controversy, as required by the Constitution, and the Declaratory

Judgment Act, 28 U.S.C. § 2201(a).  For the following reasons,

the court concludes that there is an actual controversy related

to interpretation of the "assignment" provision within the

agreement between plaintiff and defendants, and, pursuant to

28 U.S.C. § 2201, the court is empowered to declare the rights

and legal relations of the parties with respect to the disputed

agreement.

DISCUSSION

The following facts are alleged in the complaint. Defendants developed certain technology used in the growth and production of cultured animal cells. The parties refer to this technology as the "stacked flat plate bioreactor." Through a series of agreements, defendants allegedly "assigned" to Corning the right to "apply for and secure world-wide patents" relating to the flat plate bioreactor technology. Corning subsequently filed for the various U.S. and foreign patents currently in dispute.

Contrary to defendants' assertion, Corning is not seeking a determination by the court related to future potential infringement of the bioreactor patents. Rather, Corning asserts that a justiciable controversy exists now, because it has raised the issue of ownership.

It is well settled that "disputes involving ownership of title to patents, or of licenses thereunder, have been held to constitute actual controversy." Goodrich-Gulf Chemicals, Inc. v. Phillips Petroleum Co., 376 F.2d 1015, 1019 (6th Cir. 1967); see also, The D.L. Auld Co. v. Murfin, Inc., 1980 WL 30292, 208 U.S.P.Q. 508, 512 (S.D. Ohio 1980); Velsicol Chemical Corp. v. Hooker Chemical Corp., 230 F. Supp. 998, 1016-17 (N.D. Ill. 1964); Crook v. Bendix Aviation Corp., 68 F. Supp. 449 (D. Del. 1946). Because Corning predicates its entire claim on interpretation of the "assignment" provision within the disputed

2

contract, the court finds that a justiciable controversy currently exists under 28 U.S.C. § 2201.

The court notes, however, that an action to determine title to a patent does not arise under "any Act of Congress relating to patents." Therefore, it does not have original jurisdiction under 28 U.S.C. § 1338(a). See Wilson v. Sandford, 51 U.S. 99, 101-102 (1850).

Because this action arises in contract and presents no federal question, the court may exercise subject matter jurisdiction over Corning's claims only if diversity jurisdiction exists. Corning asserts diversity jurisdiction under 28 U.S.C. § 1332, because neither defendant is a citizen of plaintiff's state and the value of the matters in dispute — patent rights associated with the bioreactor technology — exceeds the requisite jurisdictional amount. See Hunt v. Washington State Apple Advt'g Comm'n, 432 U.S. 333, 347-48 (1977).

Because Corning is a citizen of New York and defendants are citizens of New Hampshire, the court finds that complete diversity exists. Moreover, because the value of the matters in dispute does not appear from the pleadings, to a legal certainty, to be less than the jurisdictional amount, the court has diversity jurisdiction over this action under 28 U.S.C. § 1332. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Defendants' motion to dismiss under Fed. R. Civ. P. 12(b) for lack of subject matter jurisdiction is, therefore, denied.

3

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 3, 1999

cc:  Irvin D. Gordon, Esq.
     Daniel M. Gantt, Esq.
     Steven J. Grossman, Esq.

4