**MINDS–EYE–VIEW, INC. and Ford Oxaal, Plaintiffs,**

v.

**INTERACTIVE PICTURES CORPORATION, Defendant.**

**No. 98–CV–1684 (LEK/DRH).**

United States District Court, N.D. New York.

March 22, 1999.

Harris, Beach & Wilcox, L.L.P., Albany, NY (Daniel M. Sleasman, of Counsel), Adduci, Mastriani & Schaumberg, L.L.P., Washington, DC (Louis S. Mastriani, of Counsel), for plaintiffs.

DeGraff, Foy, Holt–Harris & Kunz, L.L.P., Albany, NY (Kirk M. Lewis, of Counsel), for defendant

## DECISION AND ORDER

KAHN, District Judge.

In their First Amendment Complaint ("Amended Complaint"), Plaintiffs Minds–Eye–View, Inc. ("MEV") and Ford Oxaal ("Oxaal"), the President of MEV, allege six claims against Defendant Interactive Pictures Corporation ("IPIX") arising out of alleged misuse of trade secrets which Plaintiffs provided to the Defendant. The claims, in order, are (1) breach of contract, (2) misappropriation of trade' secrets, (3) breach of confidence, (4) fraud in the in-

ducement, (5) misrepresentation and (6) a claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, requesting a declaration that one of the Defendant's patents is invalid and/or that title to the patent is held by the Plaintiffs.

Presently pending before this Court is the motion by Defendant IPIX for an order pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) dismissing Count VI, the declaratory judgment claim, or in the alternative staying proceedings with respect to this claim pending arbitration. Defendant also moves for an order staying proceedings with respect to Counts I through V. Because the requirements for jurisdiction over a declaratory judgment action are not present, Defendant's motion to dismiss is granted. Defendant's motion seeking a stay of the proceedings with respect to Counts I–V is referred to the Magistrate Judge for disposition.

*I. Background*

For purposes of deciding Defendant's motion to dismiss Count VI, the Court accepts the allegations of the First Amended Complaint as true. Plaintiff MEV is a company engaged in the development and marketing of full-surround imaging technology. Around December of 1994, Oxaal, who is both President of MEV and inventor of much or all of the MEV technology at issue, entered into discussions with representatives of TeleRobotics International, Inc. ("TRI"), the predecessor corporation of IPIX, regarding a proposed joint venture to develop certain products using MEV's full-surround imaging technology and TRI's interactive technology. However, in a letter dated December 28, 1994, Oxaal stated that before discussions regarding a joint venture could move beyond the preliminary stage, TRI would have to enter into a Confidentiality Agreement covering any of MEV's trade secrets that might be revealed in the course of the negotiations. On December 28, 1994, the parties entered into a Confidentiality Agreement. In reliance on the agreement,

Oxaal revealed details of MEV's full-surround imagery generation and manipulation technology.

Subsequently, TRI filed U.S. Patent Application, Serial No. 08/494, 599, which Plaintiffs allege covered subject matter expressly identified in the Confidentiality Agreement as Plaintiffs' trade secrets. Oxaal was not identified as the inventor on TRI's patent application. TRI's successor in interest, Defendant IPIX, later abandoned this patent application in favor of a Continuation–in–Part Application, Serial No. 08/516,629, which was filed on August 18, 1995 and issued as U.S. Patent No. 5,764,276 (hereinafter "Patent '276"). Plaintiffs allege that the subject matter of Patent '276 also includes trade secrets of the Plaintiffs that were identified in the Confidentiality Agreement.

In the sixth cause of action of their Amendment Complaint, Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201(a) holding Patent '276 to be invalid or else declaring Plaintiffs to be owners of title over the patent.

*II. Discussion*

■ Defendant seeks dismissal of the declaratory judgment claim on the grounds that this Court lacks subject matter jurisdiction. "For a district court to have jurisdiction over a declaratory judgment action, there must be an 'actual controversy' ". *Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1326 (Fed.Cir. 1998) (quoting 28 U.S.C. § 2201(a)). This requirement is identical to the constitutional requirement of Article III that there be a case or controversy. *Id.*

■ To determine whether there is an actual controversy in declaratory judgment actions involving allegations of patent noninfringement, invalidity, or unenforceability, the courts apply a two-step inquiry: "There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff

that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Fina Research v. Baroid Limited*, 141 F.3d 1479, 1481 (Fed.Cir.1998) (citation and internal quotations omitted). In this inquiry, the first prong looks to the patentholder's conduct, the second to that of the declaratory judgment plaintiff. *Hunter Douglas, Inc.*, 153 F.3d at 1326. The burden of proving the existence of an actual controversy is on the party bringing the declaratory judgment action. *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed.Cir.1992); *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879, 883 (Fed.Cir.1985).

Turning to whether the first prong is satisfied, Plaintiffs point to a number of facts which they argue demonstrate that they have a "reasonable apprehension" that Defendant will initiate an infringement suit against them. First, they allege that they have several allowed or pending patents which overlap the claim coverage of the Defendant's '276 patent. Second, they point to a recent press release by the Defendant allegedly posted on its Internet website after Defendant won a favorable judgment in a patent infringement suit which it brought against another party, Infinite Pictures, Inc. *See* Dkt. No. 20, Ex. A.[1] Plaintiffs point in particular to the following statements in the release:

> "This is the first court test of our patent portfolio and the jury has stated loud and clear that IPIX technology is pioneering, unique, and protected," said Jim Phillips, CEO of Interactive Pictures. "A judicially tested and vindicated portfolio makes Interactive Pictures a much stronger company and gives us a tremendous advantage in penetrating new markets and growing our company."

*Id.* The release further stated that "[a]s a result of the decision, Interactive Pictures is now the only company in the United States with the rights to use a wide-angle fisheye lens to create immersive photographs." *Id.* Plaintiffs argue that this press release contains an implicit threat of litigation against all potential competitors. Finally, Plaintiffs argue that reasonable apprehension is further supported by the fact that Plaintiffs have informed IPIX of their intentions to enter "the marketplace" in a cease-and-desist letter directing the Defendant not to use any technology owned by the Plaintiffs.

 The press release provides some evidence that the Defendant would bring suit to enforce its patents where it believed that those patents have been infringed. However, a patent owner's willingness and capacity to enforce its patent rights, while pertinent to a reasonable apprehension inquiry, is not conclusive. *West Interactive Corp. v. First Data Resources*, 972 F.2d 1295, 1298 (Fed.Cir. 1992). There can, in general, be no reasonable apprehension of suit where the patent holder has not indicated any opinion with regard to whether the actual plaintiff who seeks the declaratory judgment has itself infringed a relevant patent. *Cf. Scholle Corp. v. Blackhawk Molding Co., Inc.*, 133 F.3d 1469, 1472 n. 1 (Fed. Cir.1998) (holding that a party who simply states that it is unwilling to offer an infringement opinion does not create reasonable apprehension of suit). Thus, evidence that a patent holder will bring suit where it perceives its patent to be infringed has been held to create a reasonable apprehension of suit where additional conduct by the patent holder indicated that it specifically found the declaratory judgment plaintiff's conduct to be infringing or where the product produced by the plaintiff was identical to the product involved in the prior litigation. *See Arrowhead In-*

---

1. When, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented in support of or opposition to the motion by affidavit or other-

wise. *See Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1010 (2d Cir. 1986).

*dus. Water, Inc. v. Ecolochem, Inc.,* 846 F.2d 731, 737 (Fed.Cir.1988) (finding plaintiff had a reasonable apprehension where defendant had previously brought a suit against a third-party to enforce a patent, and where defendant had sent letter to plaintiff indicating intent to enforce its patent against plaintiff by litigation); *Dupont Merck Pharmaceutical v. Bristol–Myers Squibb,* 62 F.3d 1397, 1401 (Fed. Cir.1995) (finding that maker of generic heart drug based on defendant's patent had reasonable apprehension where defendant had previously sued other generic drug companies attempting to produce the same drug and where defendant had sent plaintiff a letter relating to defendant's patent). It is undisputed that Defendant IPIX has made no charge or suggestion to the Plaintiffs that they have infringed the '276 patent. Further, the Defendant's prior patent infringement action involved a patent that is not at issue in this case, nor is there any suggestion that the infringing device produced by Infinite Systems, Inc. is identical to the devices which Plaintiffs are allegedly producing. Thus, the mere fact that Defendant sued a party other than the Plaintiff for infringement of a patent other than the '276 patent is not sufficient to create a reasonable likelihood of an infringement suit.

 Plaintiffs' other evidence does not bolster their case because it is not evidence of the Defendant's actions. In considering whether there is a reasonable apprehension of an infringement suit, a court looks to the patent holder's conduct, not to the conduct or views of the declaratory judgment plaintiff. *See Hunter Douglas, Inc.,* 153 F.3d at 1326. Plaintiffs rely on (1) their own view that their patents "overlap" the '276 patent and (2) the "cease-and-desist" letter which Plaintiffs have sent to the Defendant. Because they offer no conduct of the Defendant, Plaintiffs have not met their burden of proving an objectively reasonable apprehension that the Defendant will bring an infringement suit, and thus have not shown that there is an

actual controversy which would support a declaratory judgment action over the '276 patent's validity.

 Plaintiffs argue in the alternative that there is an "actual controversy" present because the sixth cause of action also alleges that Plaintiffs are the proper holders of title to the '276 patent. Plaintiffs assert that they are entitled to ownership of title to the '276 patent because it is based on technology which was invented by Oxaal. They cite to *Goodrich–Gulf Chemicals, Inc. v. Phillips Petroleum Co.,* 376 F.2d 1015 (6th Cir.1967), which stated that "disputes involving ownership of title to patents, or of licenses thereunder, have been held to constitute actual controversy. . . ." *Id.* at 1019. However, *Goodrich–Gulf* addressed disputes raised by the patent holder over title to a license held by another party. Turning to the case before it, the court in *Goodrich–Gulf* found that "no such dispute is here alleged" because the declaratory judgment complaint "ma[de] no allegation of adversary action against plaintiff nor of any charge of patent infringement or threat of suit against it or its customers [or] suppliers." *Id.* It is therefore clear that the circumstances contemplated by the court in *Goodrich–Gulf* do not provide any exception to the requirement of a reasonable apprehension of suit, which Plaintiffs have failed to demonstrate.

Of course, Plaintiffs are not bringing an action to quiet title in a license which they possess but to obtain undisputed title over Patent '276 on the grounds that Oxaal is the original inventor. However, understood in these terms, the claim could not be maintained even if there were no jurisdictional problem. A patent which was not granted on the oath of the original inventor is unauthorized by law and void and therefore cannot be transferred or assigned by a court to another. *See Kennedy v. Hazelton,* 128 U.S. 667, 672, 9 S.Ct. 202, 32 L.Ed. 576 (1888); *Friedman v. Washburn Co.,* 145 F.2d 715, 718 (7th Cir. 1944) (holding that claimant was not entitled to declaratory judgment assigning him

the patent on grounds that claimant was the true inventor because such an allegation, if true, would render the patent invalid); *Crook v. Bendix Aviation Corp.,* 68 F.Supp. 449, 450 (D.Del.1946) ("A patent issued [to one who is not the true inventor] is absolutely void; and a federal court will not order an assignment of such a patent because there can be neither legal nor equitable ownership of a void patent"). Thus, the Plaintiffs could not possibly obtain a declaratory judgment granting them title to Patent '276, since the alleged grounds for such a grant would render Patent '276 void and incapable of being owned by anyone.

Accordingly, it is hereby

ORDERED that Defendant's motion to dismiss Count VI is GRANTED; and it is further

ORDERED that Defendant's motion to stay proceedings with regard to Counts I–V is referred to the Honorable David R. Homer, Magistrate Judge, for disposition pursuant to 28 U.S.C. 636(b)(1)(A);[2] and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

---

2. The substance of this motion is already before Magistrate Judge Homer pursuant to Defendant's motion filed on December 11, 1998, Dkt. No. 6.