

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2006

# Burlington Cty Bd v. Tombs

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3804

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Burlington Cty Bd v. Tombs" (2006). *2006 Decisions*. Paper 85.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/85

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3804
_____

BOARD OF CHOSEN FREEHOLDERS OF THE
COUNTY OF BURLINGTON, a body of politic
and corporate of the State of New Jersey,

Appellant

v.

ROBERT BRADLEY TOMBS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-00755)
District Judge:  The Honorable Stanley R. Chesler

_____

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2006

Before: SLOVITER, CHAGARES, and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed: December 18, 2006  )

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

The Burlington County Board of Chosen Freeholders (the Board) commissioned the creation of sophisticated topographical maps of land and improvements within the county. The Board provides free copies of the maps to government agencies and sells copies to non-government entities for a fee calculated according to the requested maps' coverage.

Robert Tombs requested copies of certain maps at the cost of reproduction on a computer diskette, pursuant to New Jersey's Open Public Records Act (OPRA), N.J. STAT. ANN. § 47: 1A-1 (West 2003). The Board explained it would provide Tombs with the copies according to its ordinary fee schedule. Tombs then threatened to seek relief from the Superior Court of New Jersey or the Government Records Council, the agency responsible for adjudicating OPRA appeals.

In response, the Board filed a complaint asking the District Court to declare that federal copyright law preempts Tombs' OPRA request, and applied for a temporary restraining order against Tombs. The District Court, *sua sponte*, dismissed the Board's

action for lack of subject matter jurisdiction under both 28 U.S.C. §1331 and §1338. The Board timely appealed. We will affirm.

## II.

### A.

District courts must look to the plaintiff's well-pleaded complaint to determine whether a case arises under federal law. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). A case arises under federal law for purposes of §1331 or §1338(a) if a right or immunity created by the Constitution or laws of the United States is an essential element of the plaintiff's cause of action. *Christianson v. Colt Ind. Operating Corp.*, 486 U.S. 800, 809 (1988); *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983). The well-pleaded complaint rule is fully applicable to complaints seeking only declaratory relief. *Franchise Tax Board*, 463 U.S. at 15-16. A case does not arise under federal law simply because it is brought pursuant to the Declaratory Judgment Act. A district court lacks jurisdiction where, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state-created action. *Franchise Tax Board*, 463 U.S. at 16 (1983) (citing *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 672 (1950)).

Where, as here, the complaint for declaratory judgment essentially asserts a defense to a threatened state court action, it is the character of the threatened state court

action that determines whether there is federal-question jurisdiction in the district court. *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952); *Thiokol Chem. Corp. v. Burlington Ind., Inc.*, 448 F.2d 1328, 1330 (3d Cir. 1971), *cert. denied*, *Burlington Ind., Inc. v. Thiokol Chem. Corp.*, 404 U.S. 1019 (1972).

Tombs' threatened action arises under OPRA, which provides, in relevant part:

> all government records shall be subject to
> public access unless exempt from such access
> by [OPRA] as amended and supplemented...[or]
> any federal law, federal regulation, or federal
> order...

N.J. STAT. ANN. § 47: 1A-1 (West 2003).

OPRA gives a citizen, without showing a personal or particular interest, an unqualified right to inspect public documents if they are, in fact, documents required by law to be made, maintained, or kept on file, unless they are otherwise exempted. *Asbury Park Press v. Lakewood Tp. Police Dep't*, 804 A.2d 1178, 1183 (N.J. Super. Ct. 2002). Federal copyright law is not an essential element of Tombs' OPRA claim. The Board's exclusive rights under copyright law arise only as a defense to Tombs' claim.

In *Thiokol Chemical*, we held that a plaintiff patent licensee could not invoke federal jurisdiction pursuant to §1338 by bringing a declaratory judgment action in which he asserted patent rights where the validity of his patent arose only as a defense against a threatened breach of contract action. *Thiokol Chem. Corp.*, 448 F.2d at 1330-31; *see also Christianson v. Colt Ind. Operating Corp.*, 486 U.S. 800, 809 (1988). Similarly, the

4

Board cannot invoke federal jurisdiction by asserting its federal copyright as a defense against Mr. Tombs' OPRA claim.

B.

Next, the Board argues federal copyright law completely preempts Tombs' threatened OPRA action. The United States Supreme Court has recognized a limited exception to the well-pleaded complaint rule where a federal statute wholly displaces a state cause of action through complete preemption. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 6, 8 (2003); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 294 (3d Cir. 2005); *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999), *cert. denied*, *U.S. Healthcare, Inc. v. Bauman*, 530 U.S. 1242 (2000). Complete preemption doctrine applies where the federal statute at issue provides the exclusive cause of action for the claim asserted and also sets forth procedures and remedies governing that cause of action. *Anderson*, 539 U.S. at 8.

The complete preemption doctrine does not apply to Tombs' threatened OPRA claim. Federal copyright law does not create an exclusive cause of action for access to public records and does not set forth procedures and remedies governing such actions. Simply stated, federal copyright law does not wholly displace state statutory or common law rights to public records, and therefore cannot be said to completely preempt Tombs' threatened claim.

## III.

The District Court properly dismissed the Board's action for lack of subject matter jurisdiction. We will affirm the District Court's order.