RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0012p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MIRANDA STOVALL,

           *Plaintiff-Appellant*,

    *v.*

JEFFERSON COUNTY BOARD OF EDUCATION, dba
Jefferson County Public Schools; BRIAN YEARWOOD,
in his official capacity as Superintendent of Jefferson
County Public Schools; AMANDA HERZOG, in her
official capacity as Assistant General Counsel to
Jefferson County Public Schools; NCS PEARSON, INC.,
a Minnesota corporation, dba Pearson VUE,

           *Defendants-Appellees*.

> No. 25-5357

---

Appeal from the United States District Court for the Western District of Kentucky at Louisville.
No. 3:24-cv-00336—Rebecca Grady Jennings, District Judge.

Argued:  December 11, 2025

Decided and Filed:  January 14, 2026

Before:  SUTTON, Chief Judge; BOGGS and BLOOMEKATZ, Circuit Judges.

---

### COUNSEL

**ARGUED:**  Benjamin I. B. Isgur, SOUTHEASTERN LEGAL FOUNDATION, Roswell, Georgia, for Appellant.  Jason P. Renzelmann, FROST BROWN TODD LLP, Louisville, Kentucky, for Appellee NCS Pearson, Inc.  **ON BRIEF:**  Benjamin I. B. Isgur, Braden H. Boucek, SOUTHEASTERN LEGAL FOUNDATION, Roswell, Georgia, Christopher D. Wiest, CHRIS WIEST, ATTORNEY AT LAW, PLLC, Covington, Kentucky, for Appellant.  Jason P. Renzelmann, Cory J. Skolnick, Samuel W. Wardle, J. Austin Hatfield, FROST BROWN TODD LLP, Louisville, Kentucky, for Appellee NCS Pearson, Inc.  Sean G. Williamson, WYATT, TARRANT & COMBS, LLP, Louisville, Kentucky, for Appellees Jefferson County Board of Education, Brian Yearwood, and Amanda Herzog.  Ryan P. Mulvey, AMERICANS FOR PROSPERITY FOUNDATION, Arlington, Virginia, for Amici Curiae.

———————————

**OPINION**

———————————

SUTTON, Chief Judge.  A Kentucky high school planned to administer a mental-health survey to its students.  When a student's mother made a state public-records request for a copy of the survey, the school permitted her to see the survey but refused to make a copy of it, claiming that the public-records law did not extend to copyrighted materials.  The mother declined to pursue state remedies.  She instead sought a declaratory judgment in federal district court that the fair-use exception in copyright law covered her request.  The district court dismissed the lawsuit for lack of jurisdiction.  We agree and affirm.

I.

Miranda Stovall is a Kentucky resident, mother, and parents' rights advocate.  When she learned that Jefferson County Public Schools planned to administer a mental-health survey to her child's class, she suspected that the survey included questions about sexual orientation, sexual activity, and related topics.  Hoping to distribute copies to fellow parents and news reporters, Stovall requested a copy of the survey under the Kentucky Open Records Act.

Jefferson County denied Stovall's public-records request.  Noting that the Kentucky law does not apply to records "prohibited by federal law or regulation" from disclosure, KRS § 61.878(1)(k), it claimed that the survey "is the copyrighted intellectual property" of NCS Pearson, the survey's publisher, R.1 ¶ 31.  The County offered to let Stovall inspect the survey in person, but that did not satisfy her desire for a copy.

Under Kentucky law, Stovall had several avenues to appeal Jefferson County's denial.  She could have requested review from the Kentucky Attorney General and, if he upheld the denial, she could have appealed the decision to state court.  KRS §§ 61.880(2), 61.880(5), 61.882(3).  In addition, she could have directly filed a lawsuit in state court.  *Id.* § 61.882(2).

Stovall opted instead to file this lawsuit in federal court, naming Jefferson County and NCS Pearson as defendants. She sought a declaratory judgment to the effect that releasing the survey to her would qualify for the Copyright Act's fair-use exception.

NCS Pearson filed a motion to dismiss for lack of jurisdiction. The district court granted the motion on the ground that Stovall failed to state a claim that arose under federal law.

II.

Separation of powers is a two-way street. Just as the elected branches of government—the President and Congress—may not trespass on the plenary powers of the other branches, the federal courts may not do the same. As "courts of limited jurisdiction," federal courts "possess only that power authorized by Constitution and statute" and may not expand that power "by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court that "pronounce[s] upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction" ignores "an essential ingredient of separation and equilibration of powers." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).

The Declaratory Judgment Act does not change any of this. *Saginaw County v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954 (6th Cir. 2020); *see Kokkonen*, 511 U.S. at 377. The Act authorizes federal courts to declare the rights of a party without granting any other relief. 28 U.S.C. § 2201. Before granting declaratory relief, however, a federal court must "have jurisdiction already under some other federal statute." *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007) (quotation omitted); *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). Put another way, the Act does not provide an "independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

At issue today is whether the Copyright Act, 28 U.S.C. § 1338(a), supplies an independent basis for federal jurisdiction. The statute vests federal courts with exclusive jurisdiction to hear cases "arising under" copyright law. *Id.* Because § 1338(a) uses the same language as 28 U.S.C. § 1331, the statute conferring general federal-question jurisdiction, we "apply the same test to determine whether a case arises under § 1338(a) as under § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829–30 (2002).

As with federal-question jurisdiction, three categories of cases "arise under" copyright law.  The first category:  claims that rely on a cause of action created by the Copyright Act.  *See American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).  The second category:  claims with state-law origins that "necessarily raise" a disputed and substantial question of copyright law and that a federal court may properly entertain.  *Gunn v. Minton*, 568 U.S. 251, 259 (2013).  As to this category, the claimant's right to relief under state law must "necessarily depend[] on resol[ving]" a legal question under the copyright laws.  *Holmes*, 535 U.S. at 830 (quotation omitted).  It does not suffice if the copyright question appears only by virtue of a "defense . . . anticipated in the plaintiff's complaint."  *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13–14 (1983).  The third category:  state-law claims asserting rights "that are equivalent to any of the exclusive rights within the general scope of copyright."  17 U.S.C. § 301(a).  This category thus "preempts" state-law claims alleging infringement of a right created by federal copyright law.  *Ritchie v. Williams*, 395 F.3d 283, 285 (6th Cir. 2005).

We do not have federal-question jurisdiction over Stovall's claim.  Consider each of the three categories for establishing "arising under" jurisdiction and why each one falls short.

*First*, the Copyright Act does not create her cause of action.  As the complaint acknowledges, her "entitle[ment] to copies of [the survey]" comes from "KRS § 61.874(1)," the Kentucky Open Records Act.  R.1 ¶ 34.  A state-law cause of action does not by itself establish a federal question.  *See American Well Works*, 241 U.S. at 260.

*Second*, Stovall's state-law claim does not "necessarily raise" a copyright law question.  *Gunn*, 568 U.S. at 259.  The Kentucky Open Records Act establishes a set of conditions, without reference to copyright law, entitling applicants to inspect and make copies of public records.  KRS § 61.874(1), (4), (5).  It is not clear, as an initial matter, precisely how the state-law exemption operates.  The exemption creates a carve-out for records "prohibited by federal law or regulation" from disclosure, *id.* § 61.878(1)(k), which may or may not incorporate all of a given federal law or regulation.  More to the point at hand, federal law becomes relevant only by way of a defense to the state-law obligation.  In the words of the Kentucky Supreme Court:  "The public agency that is the subject of an Open Records request, has the burden of proving that the document sought fits within an exception to the Open Records Act."  *Hardin Cnty. Schs. v.*

*Foster,* 40 S.W.3d 865, 868 (Ky. 2001).  Federal copyright law came into the case only as a type of "federal law" that Jefferson County invoked as a defense to complying with the open-records request.  Put similarly, "Federal copyright law is not an essential element of [Stovall's open-records] claim.  The Board's exclusive rights under copyright law arise only as a defense to [Stovall's] claim."  *Bd. of Chosen Freeholders of Burlington Cnty. v. Tombs*, 215 F. App'x 80, 82 (3rd Cir. 2006).  An action "does not arise under the federal copyright laws merely because it relates to a product that is the subject of a copyright."  *Severe Records, LLC v. Rich*, 658 F.3d 571, 581 (6th Cir. 2011) (quotation omitted).  A claimant may not circumvent "arising under" jurisdiction by filing a declaratory-judgment action "merely to anticipate a defense that otherwise could be presented in a state action."  *Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009) (quotation omitted).

*Third*, Stovall's Kentucky Open Records Act claim is not a doppelganger of a federal copyright claim.  Stovall asserts only that Jefferson County violated her state-law entitlement to inspect and copy eligible public records.  Copyright law does not "provide[] the exclusive cause of action for the claim asserted" by Stovall, nor does it "set forth procedures and remedies governing that cause of action."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *cf. Tombs*, 215 F. App'x at 82 ("Federal copyright law does not create an exclusive cause of action for access to public records and does not set forth procedures and remedies governing such actions.").  Because Stovall's public-records claim does not resemble an infringement claim, it does not belong in federal court.

Stovall tries to rebut this conclusion on several grounds, each unconvincing.  She argues that her state-law claim arises under federal law because it turns on a "substantial question" of federal law.  But whether a state-law claim raises a "substantial question" of federal law is a necessary but not a sufficient basis for federal jurisdiction.  *Gunn*, 568 U.S. at 258.  Because copyright law serves only as a defense to a Kentucky Open Records Act claim, Stovall's complaint lacks (at the very least) a "necessar[y]" question of federal law.  *Holmes*, 535 U.S. at 830 (quotation omitted); *see Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 476 (6th Cir. 2008) (per curiam).  "The most one can say is that a question of federal law is lurking in the

background." *Gully v. First Nat'l Bank*, 299 U.S. 109, 117 (1936). It is foreground questions of federal law, not background questions, that create federal-question jurisdiction.

Stovall maintains that federal courts have exclusive jurisdiction over her Kentucky Open Records Act claim because federal law preempts state courts from interpreting the Copyright Act. The Copyright Act, it is true, preempts a state-law claim that amounts to a copyright-infringement action. *Ritchie*, 395 F.3d at 287–88. This scheme ensures "national uniformity" for infringement actions, which Congress has deemed a "'national interest[].'" *Id.* (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 826 (2d Cir. 1964) (Friendly, J.)). But Stovall does not maintain that she or Jefferson County or NCS Pearson has used the Kentucky Open Records Act to bring a copyright-infringement action seeking money damages or injunctive relief. What she seeks to do is anticipate the use of copyright law as a defense to the open-records request. But "the defense of pre-emption" does not provide for federal jurisdiction "even if" that "federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988) (no federal jurisdiction based on "a federal patent-law defense").

That Congress has vested federal courts with exclusive jurisdiction over copyright-infringement actions does not divest state courts of authority to consider incidental copyright questions. For purposes of determining whether federal jurisdiction exists, § 1338 (federal jurisdiction for copyright claims) operates just like § 1331 (general federal-question jurisdiction). Under both statutes, the claim must arise under federal law. *Gunn*, 568 U.S. at 257 (explaining that the Supreme Court has "interpreted the phrase 'arising under' in both sections identically"). The only relevant difference between § 1331 and § 1338 is that claims arising under federal copyright law *must* go to federal court, whereas claims arising under other federal law (generally speaking) *may* go to federal court. *Id.* In other words, § 1338 claims operate like a subset of § 1331 claims. The sole consequence of a claim belonging to the narrower set of § 1338 rather than the broader set of § 1331 is the divestment of the option to pursue that claim in state court.

This means that where, as here, a claim does *not* arise under federal copyright law, state courts may exercise jurisdiction, even if that claim implicates a federal fair-use defense. Indeed, at least one state court has recognized its jurisdiction to interpret federal fair-use doctrine in the

context of a state open-records request.  *See Zellner v. Cedarburg Sch. Dist.*, 731 N.W.2d 240, 246–48 (Wis. 2007).  To the extent that this state-court jurisdiction threatens uniformity in copyright law, the Supreme Court's jurisdiction to review judgments of apex state courts—available whenever federal law and preemption issues are merely "drawn in question"—offers a safeguard.  28 U.S.C. § 1257.

Stovall claims that *T.B. Harms Co. v. Eliscu* requires a different conclusion.  339 F.2d 823.  Many circuits, including ours, have leaned on this decision penned by Judge Friendly.  *See, e.g.*, *Ritchie*, 395 F.3d at 288; *Gener-Villar v. Adcom Grp., Inc.*, 417 F.3d 201, 203 (1st Cir. 2005); *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 970 (4th Cir. 1990); *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1123–24 (9th Cir. 2010).  And we appreciate his remark that jurisdiction arises under the Copyright Act when a claim "requir[es] construction of the Act" or when "federal principles control the disposition of the claim."  *Eliscu*, 339 F.2d at 828.  But the case does less for Stovall's cause than she imagines.  For one, the holding of *Eliscu* is consistent with our disposition of today's case.  There, as here, no jurisdiction existed.  *Id.* at 829; *see Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 349–51 nn.3–4 (2d Cir. 2000).  For another, *Eliscu* "essentially . . . reiterat[es]" the test later developed by the Supreme Court: asking whether a claim necessarily raises a copyright-law question or asserts what amounts to a copyright claim.  *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808–09 & n.5 (1986); *Franchise Tax Bd.*, 463 U.S. at 9.  That is the test we apply today.

Stovall raises the possibility that NCS Pearson might bring a copyright-infringement action against her if her request were granted.  But that concern is just that:  a possibility.  No doubt, if NCS Pearson filed such an infringement action, it would arise under federal law.  But this possibility does not solve the "arising under" defect in her complaint for at least two reasons.

This potential lawsuit, as an initial matter, does nothing to show that *her* complaint establishes a federal question.  If NCS Pearson filed any such action, it would likely be against Jefferson County, the alleged infringer, not Stovall.  The test is whether she has filed a federal claim, not whether someone might file one against her.

But even if we overlooked this problem, it is difficult to see how this potential lawsuit suffices to establish that Stovall suffered an injury cognizable in federal court. The U.S. Constitution empowers federal courts to hear "Cases" and "Controversies." U.S. Const. art. III, § 2. The Constitution does not permit federal courts to decide "theoretical disputes that may or may not materialize and, if they do, may appear in a variety of forms." *Saginaw County*, 946 F.3d at 954. Before a claimant enters a federal court, she must establish standing—proof of an imminent or actual injury that a favorable decision will likely redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Mikel v. Quin*, 58 F.4th 252, 257 (6th Cir. 2023). The Declaratory Judgment Act does not alter these rules or otherwise enable federal courts to deliver "an expression of opinion" about the validity of laws. *Muskrat v. United States*, 219 U.S. 346, 362 (1911). The claimant seeking relief must plausibly allege facts showing "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation omitted).

The possibility that NCS Pearson might file a lawsuit against Stovall does not create the kind of "substantial controversy" needed to establish standing. *Id.* at 127. Her complaint does not identify a previous infringement action against her, the threat of a forthcoming lawsuit, or a claim that lawsuits from NCS Pearson "are not a rare occurrence." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014); *see also Severe Records*, 658 F.3d at 582 (noting that "[d]efendants persisted in accusing [plaintiff] of copyright infringement").

While Stovall claims that Jefferson County denied her request "thanks to the specter of [NCS] Pearson's coercive copyright infringement action," Reply Br. 15, her complaint confirms that Jefferson County relied on an exception to Kentucky law rather than a concern about a lawsuit by NCS Pearson. The complaint, for that matter, does not even suggest that NCS Pearson knew of Stovall's existence before she filed this lawsuit. In the last analysis, Stovall pleads nothing more than a "speculative fear" that NCS Pearson might institute a lawsuit at some time in the future. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). On this record, she does not have the requisite Article III standing to bring a declaratory action under the meaning of

fair use in this setting.  In the absence of any indication in the complaint that there is a risk of an infringement action, there is no Article III standing.

*Goodrich-Gulf Chemicals v. Phillips Petroleum* rejected a similar argument.  376 F.2d 1015 (6th Cir. 1967).  As in the present case, claimant Goodrich-Gulf sought a declaratory judgment to forestall a possible intellectual-property claim—a patent-infringement suit.  *Id.* at 1017.  And as in the present case, the "complaint ma[de] no allegation of adversary action," no "charge of . . . infringement or threat of suit," nor "even alleged that any indirect or implicit or covert charge or threat had been made against plaintiff or anyone else."  *Id.* at 1019.  We rejected Goodrich-Gulf's attempt to enter federal court, reasoning that it failed to show a "justiciable" and "actual controversy."  *Id.* at 1020.  A similar conclusion applies here.

Stovall points to *Chase Bank v. City of Cleveland* for the proposition that "the question is whether [NCS] Pearson *could*, not *would*, bring a case."  Reply Br. 14–15 (citing 695 F.3d 548, 554 (6th Cir. 2012)).  But *Chase Bank* never addressed constitutional standing.  *Chase Bank*, 695 F.3d at 553–58.  It thus has nothing to say about the point—and still less supports the broad proposition that a claimant can always enter a federal court upon alleging a "hypothetical coercive action."  Reply Br. 15.

We affirm.