IN THE SUPERIOR COURT



**FILED**
July 17, 2025 11:08 AM
SX-2025-CV-00086
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ST. CROIX SEASHELL SOCIETY, INC.,** <br> **PLAINTIFF,** <br><br> v. <br><br> **DEBBIE WORDEN,** <br><br> **DEFENDANT.** | **Case No. SX-2025-CV-00086** <br><br> ACTION FOR INJUNCTIVE RELIEF AND DAMAGES <br><br> JURY TRIAL DEMANDED |

Cite as: 2025 VI SUPER 25U

Appearances:

CHARLES J. GOWER, ESQ.
GOWER LEGAL
St. Croix, VI
*For Plaintiff*

DEBBIE WORDEN
*Pro Se*
St. Croix, VI
*Defendant*

## MEMORANDUM OPINION AND ORDER

### PROCEDURAL POSTURE

¶1    **THIS MATTER** came before the Court for a Preliminary Injunction Hearing on May 1, 2025, after the St. Croix Seashell Society filed a Temporary Restraining Order with the Court on April 8, 2025.  After receiving testimony and evidence in this matter on May 1, 2025, the parties agreed to stay this matter to allow themselves time to contemplate and consider a mutually agreeable resolution.  At a Status Conference on June 5, 2025, in this matter, Jacob Gower, Esq. appeared on behalf of the Plaintiff and Debbie Worden appeared on her own behalf. The parties advised the Court that negotiations had reached an impasse.  For the reasons set forth herein, the Court will decline to issue a preliminary injunction in this matter.

### FACTUAL HISTORY

¶2    Founded in 2014, the St. Croix Seashell Society (hereinafter the "SCSS") is a non-profit organization aimed at the preservation and display of seashells. The SCSS operates a seashell

museum in a room at the St. George Village Botanical Garden. The museum is filled with seashells representing St. Croix and seashells from around the world. The SCSS was awarded a $5,000.00 grant from the Virgin Islands Council on the Arts to create an artistic mosaic of seashells for public display. Assembly of the mosaic took place in a storage room next to the seashell museum at the St. George Village Botanical Garden.

¶3      Debbie Worden (hereinafter "Mrs. Worden"), an accomplished seashell mosaicist since about 1990, saw an ad in the newspaper soliciting members for the SCSS, and joined the organization in around 2018 after her retirement. Mrs. Worden drew the design for the seashell mosaic and was involved in the planning to create and display the seashell mosaic. The SCSS determined that displaying the mosaic at the St. George Botanical Garden would provide the greatest public access to the work while advancing the educational interests of the SCSS. When the St. George Village Botanical Garden decided that the seashell mosaic could not be affixed to the walls of the building because it is a historic site, Mrs. Worden had a disagreement with Sharon Grimes, one of the founders of the SCSS, and her husband Steve Grimes about how the seashell mosaic should be constructed. As a result of the disagreement, Mrs. Worden ended her relationship with the SCSS and her work on the seashell mosaic.

¶4      After a failed attempt by the SCSS to assemble a viable seashell mosaic, Patty Tullis, a member of the SCSS approached Mrs. Worden on November 11, 2022, and asked her to help create a seashell mosaic. Mrs. Worden did not rejoin the SCSS, but resumed work on creating a seashell mosaic with the SCSS. Assembly of the mosaic primarily consisted of affixing seashells to PVC board in accordance with Mrs. Worden's design. Members of the SCSS, and other people brought in by Patty Tullis, assisted with gluing seashells onto the mosaic. Mrs. Worden was not paid for her work on the seashell mosaic. She contributed some seashells and other materials used to assemble the seashell mosaic. Steve Grimes engineered the framing mechanism for display of the seashell mosaic. Steve Grimes purchased the materials for the framing and was reimbursed by the SCSS for his purchases. There was no written agreement between the parties regarding creation of the seashell mosaic, nor was there any discussion between the parties about ownership of the seashell mosaic. The seashell mosaic was completed in February or March of 2023.

¶5      Upon completion of the seashell mosaic, it was photographed and displayed at the St. George Village Botanical Garden. The SCSS entered into an agreement with the photographer for

use of the photos taken of the seashell mosaic. Eventually, Mrs. Worden registered a copyright for the seashell mosaic. Despite diligent efforts by Mrs. Worden to enter an agreement with the SCSS for permission to use and display the seashell mosaic, no agreement was entered, and the mosaic was displayed with no attribution of Mrs. Worden as the artist responsible for the work. After receiving a letter from the director of the St. George Village Botanical Garden advising that the seashell mosaic would have to be removed unless Mrs. Worden and the SCSS provided a memorandum regarding the seashell mosaic's display, Mrs. Worden unilaterally removed the seashell mosaic. The SCSS filed an action for injunctive relief and damages seeking the return of the seashell mosaic. The seashell mosaic was not damaged and, by Order of this Court, was placed with the Office of the Virgin Islands Marshal for safekeeping.

## LEGAL STANDARD

¶6     The Supreme Court of the Virgin Islands has held "that four factors are relevant to deciding a motion for a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *3RC & Company, Inc. v. Boynes Trucking System, Inc.*, 63 V.I. 544, 550 (V.I. 2015).

## DISCUSSION

¶7     As indicated by the Court at the conclusion of the Preliminary Injunction Hearing in this matter, attribution of the artist who designed and created the seashell mosaic seems to be at the heart of this matter. The SCSS argues that creation of the seashell mosaic was a collaborative effort amongst SCSS members and volunteers. Mrs. Worden contends that she designed and created the seashell mosaic, including drawing the original design for the seashell mosaic. According to Mrs. Worden, the SCSS members and volunteers helped only to glue seashells onto the mosaic at her direction. The determination of who owns the seashell mosaic is inextricably intertwined with the determination who owns the copyright of the seashell mosaic. Ultimately, however, determination of the ownership of the seashell mosaic, and ownership of the copyright of the seashell mosaic, is beyond the jurisdiction of this Court.

¶8     Section 202 of the Copyright Act provides:

> Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied. This aligns with the broader common law principle that ownership of a tangible object is determined by its physical creation. Transfer of ownership of any material object, including the copy or phonorecord in which the work is first fixed, does not itself convey any rights in the copyrighted work embodied in the object; nor, in the absence of an agreement, does transfer of ownership of a copyright or of any exclusive rights under the copyright convey property rights in any material object.

17 U.S.C. § 202. The Superior Court of the United States Virgin Islands does not have subject-matter jurisdiction over federal copyright claims. Jurisdiction over such matters is vested exclusively in the federal district courts under 28 U.S.C. § 1338(a). Specifically, 28 U.S.C. § 1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights." Some Courts of Appeals have held that the doctrine of complete preemption allows a defendant to remove a case from a state court to a federal court if the case presents a question under the Copyright Act. See *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964); see also *Ritchie v. Williams*, 395 F.3d 283, 286 (6th Cir. 2005). The Third Circuit Court of Appeals, however, has rejected the doctrine of complete preemption. *Board of Chosen Freeholders of County of Burlington v. Tombs*, 215 Fed.Appx. 80, 82 (3d Cir. 2006). The issue in the instant matter, however, does not involve a question of Virgin Islands law. Therefore, even though the doctrine of complete preemption does not automatically require that this matter be removed to federal court, this Court is indeed preempted from adjudicating this federal copyright claim. Any claims made under Virgin Islands law in the matter are ancillary to a copyright determination.

## CONCLUSION

¶9     The ownership of the seashell mosaic and the ownership of the copyright of the seashell mosaic must be determined in federal court under the Copyright Act. Therefore, there is no probability of success on the merits for the Plaintiff in this matter. Furthermore, the Plaintiff has failed to demonstrate that the Plaintiff will be irreparably harmed by denial of a preliminary injunction. Moreover, this Court does not find that granting preliminary relief in this matter will be in the public interest. Accordingly, the premises having been considered, and the Court otherwise being fully advised, it is hereby

**ORDERED** that the Plaintiff's request for the issuance of a preliminary injunction in the above-captioned matter is **DENIED;** and it is further

**ORDERED** that the above-captioned matter is scheduled for a Status Conference **on Thursday, August 28, 2025, at 9:00am in Courtroom No. 203;** and it is finally

**ORDERED** that a copy of this Order be served upon Charles Jacob Gower, Esq., and Debbie Worden.

**DONE** and **SO ORDERED** this 17th day of July, 2025.

_____
**ERNEST E. MORRIS, JR.**
Superior Court Judge

**A T T E S T:**
**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk II

Date: ___7/18/2025___